UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In Re:
Daniel J. Stebnitz Case No. 14-25473
 Debtor.

Michael F. Dubis, Trustee
 in Bankruptcy Adversary No. 17-02110

 Plaintiff

 -v.-

David S. Stebnitz,

 -and-

Gary C. Stebnitz,
 Defendants.

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

## Introduction

David S. Stebnitz and Gary C. Stebnitz ("The Defendants") respectfully request that this Court deny the Plaintiff's Motion for Summary Judgment due to the fact that the Plaintiff is not entitled to judgment as a matter of law.

## Statement of Facts

In 2005, the Defendants and Daniel J. Stebnitz ("Debtor") formed Spirit Valley Camp, LLC. (See ¶ 2 of Affidavit of Gary C. Stebnitz). The three members each own an equal one-third share of the LLC. Stebnitz Aff. ¶3. At the moment, the LLC retains a piece of property in the Town of Tomahawk, Lincoln County, Wisconsin (the "Property"). Stebnitz Aff. ¶ 4. On December 31st, 2012, the Debtor transferred his individual interest in Spirit Valley Camp, LLC

to three of his children in equal shares and then proceeded to file for bankruptcy. Stebnitz Aff. ¶ 5. An adversary proceeding was then filed by Michael F. Dubis, the trustee, ("Plaintiff") to nullify the transfer to the children. On June 6, 2016, this Court ordered the transfer null and void and ordered that the three children shall take all actions necessary to convey and transfer said one-third interest in Spirit Valley Camp, LLC to the bankruptcy estate of the Debtor. Stebnitz Aff. ¶ 6.

The Members' Operating Agreement for Spirit Valley Camp, LLC ("Operating Agreement") contains a provision that allows members to withdraw from membership with formal notice and a formal appraisal. Stebnitz Aff. ¶ 7. On July 20, 2016, Plaintiff provided a written request of their intention to withdraw membership and provided the Defendants with an appraisal of the Property. Stebnitz Aff. ¶ 9. The appraisal valued Debtor's one-third share at $80,000. Stebnitz Aff. ¶ 10. After following the steps of the Spirit Valley Camp, LLC's operating agreement, Defendants sought a valuation of Spirit Valley Camp, LLC from Baker Tilly. Stebnitz Aff. ¶ 11. On September 13, 2016, Defendants sent Baker Tilly's valuation of the LLC to Plaintiff valuing Debtor's one-third share at $40,800. Stebnitz Aff. ¶ 12. Baker Tilly's valuation of the LLC was sent within the 120-day time period required by the Operating Agreement. Stebnitz Aff. ¶ 13.

## Argument

### I. SUMMARY JUDGMENT IS A DRASTIC REMEDY.

> "Summary judgment is a drastic remedy and should not be granted if any material facts are in dispute of the inferences which may reasonably be drawn from the facts are doubtful . . . the material evidentiary facts must appear with certainty; the court cannot act as a trier of disputed facts on a motion for summary judgment; it cannot pass upon the weight and credibility of disputed facts or doubtful inferences as they appear from affidavits, other documents, or pleadings." See ***Peterson v. Maul***, 32 Wis. 2d 374, 376, 377, 145 N.W.2d 699 (1966).

Wisconsin courts have long discussed the standard required for summary judgment to be granted. In ***L.L.N. v. Clauder***, 209 Wis.2d 674, 563 N.W.2d 434 (1997), the Wisconsin Supreme Court set forth the standard upon which summary judgment should be granted. The Wisconsin Supreme Court held as follows:

> "Specifically, a court first examines the pleadings to determine whether a claim for relief is stated and whether a material issue of fact is presented. When examining the sufficiency of a complaint, a court takes as true all facts pleaded by the plaintiff and all inferences that can reasonably be derived from those facts.
>
> If the pleadings state a claim and demonstrate the existence of factual issues, a court next considers the moving parties' affidavits or other proof to determine whether the moving party has made a prima facie case for summary judgment under sec. 802.08(2). If a moving party has made a prima facie case for summary judgment, the opposing party must show, by affidavit or other proof, the existence of disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn that are sufficient to entitle the opposing party to a trial. Such proof may be less than is sufficient to prove the opposing party's case, but must be substantial to raise genuine issues of material fact.
>
> Therefore, in order to be entitled to summary judgment, the moving party must prove that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The affidavits and other proof submitted by the parties are viewed in the light most favorable to the opposing party. Likewise, any doubts as to the existence of a genuine issue of material fact are resolved against the moving party." See ***L.L.N.*** at 682-684.
>
> "The trial court may not base its ruling on its assessment of the weight of the evidence or the witness' credibility, but must deny summary judgment if any evidence is presented upon which a jury could reasonably find in the other side's favor." See ***Pomplun v. Rockwell International Corp.***, 203 Wis.2d 303, 307, 552 N.W.2d 632 (Ct. App. 1996).

As stated in ***Jacobs v. Norlay, Inc.***, 217 Wis.2d 625, 579 N.W.2d 254 (Ct. App. 1998):

> "Even if there are no disputed issues of fact, summary judgment is not appropriate if reasonable alternative inferences can be drawn from the facts."

In addition, the Wisconsin Court of Appeals stated in ***Hansen v. New Holland North America, Inc.***, 215 Wis.2d 655, 662, 574 N.W.2d 250 (Ct. App. 1997):

> "If a dispute of any material fact exists, or if the material presented on the motion is subject to conflicting factual interpretations or inferences, summary judgment must be denied."

In ***Parish v. Awschu Properties, Inc.***, 247 Wis. 166, (1945), the Wisconsin Supreme Court discussed summary judgment as follows:

> "The power of the court under the summary judgment statute should be exercised with care. The statute does not authorize a trial of contested issues on affidavits. No more does it authorize trial of such issues on adverse examinations. The court does not try the facts upon affidavits, but merely decides whether the case presents facts to be tried by a jury. . .The summary judgment statute is drastic and should be applied only where it is perfectly plain that there is no substantial issue to be tried." See ***Parish*** at 174.

In ***Balcom v. Royal Insurance Co.***, 40 Wis.2d 351, 161 N.W.2d 918 (1968), the Wisconsin Supreme Court held as follows:

> "Perhaps the remedy of summary judgment is misunderstood as some kind of a shortcut to avoid a trial and to obtain quick relief at the expense of a search and determination for the truth. The remedy of summary judgment does not lend itself to many types of cases, especially those which are basically factual and depend to a large extent upon oral testimony. Then, too, in a great number of cases the statute has not been complied with and affidavits have been made by attorneys and others who obviously do not have personal knowledge of the facts. . . Basically, the purpose of the remedy of summary judgment was to prevent sham pleadings and delay. It was not to take the place of a demurrer, motion for judgment on the pleadings, or of a trial. Many times we have said it is a drastic remedy and not a trial on affidavits. . ." See ***Balcom*** at 357.

> "Some matters are too grave to be decided on affidavits. . . It involves a determination of disputed facts, and demands a judicial trial, in which full opportunity to examine and cross examine witnesses will be given all parties." ***Wheeler v. Catlin***, 44 Wis. 464, 466 (1878).

4

The Defendants will demonstrate that there are disputed issues of material fact, and that there is latent ambiguity found within the operating agreement of Spirit Valley Camp, LLC. Summary judgment is not appropriate once this Court considers this. This Court should find that the Plaintiff has not met its burden in this matter.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST FAIL BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT.

The Defendants do not dispute that they are required to follow Spirit Valley Camp, LLC's operating agreement. In fact, the Defendants have complied with the LLC's operating agreement by requesting a second appraisal for the LLC as the operating agreement delegates. See Ex. A ¶20 to Stebnitz Aff.; Stebnitz Aff. ¶¶12-13. Further, the Defendants' appraisal, sent before the 120-day deadline, continued to follow procedure because it acted as the required objection contained in the withdrawal section of the operating agreement. See Ex. A to Stebnitz Aff. ¶ 20; Stebnitz Aff. ¶¶12-13. Therefore, Plaintiff's claims are incorrect that the parties are obligated to pay Plaintiff's valuator's appraisal of $80,000, that they have breached the agreement and owe $80,000, or that Defendants are required to specifically perform under the operating agreement and pay $80,000.

Plaintiff relies on two different arguments for the alleged causes of action. First, Plaintiff attempts to use Wisconsin's history and intent of limited liability companies ("LLC") as a way of justifying summary judgment. Second, Plaintiff attempts to piece together information to define "appraisal", yet there is no clear definition in the operating agreement. Because of the differing interpretations of appraisal in the operating agreement and the ambiguity it creates, Plaintiff's motion for summary judgment must fail.

### a. Limited Liability Companies

Plaintiff cites to ***Gottsacker v. Monnier***, 2005 WI 60, 281 Wis. 2d 361, Wisconsin Statutes section 183.1302(1), and ***Kasten v. Doral Dental USA, LLC***, 2007 WI 76, 301 Wis. 2d 598 to

5

explain many of Wisconsin's LLC principles. While these principles are an important foundation to LLCs in Wisconsin, the information does not provide a lot of insight into resolving ambiguity in this LLC's operating agreement or overcoming the genuine issues of material fact.

Also, this Court should note that the Plaintiff incorrectly quotes **Kasten v. Doral Dental USA, LLC** by stating that ". . . statutory design was intended to 'provide an inexpensive and simple vehicle that did not require legal guidance at **any** step.'" (Pl.'s Mem. Supp. Mot. Summ. J. at 8). However, the opinion actually uses the word "every" instead of Plaintiff's choice of "any." **Kasten v. Doral Dental USA, LLC**, 301 Wis. 2d 598, 615 (2007). While an innocent error, the true reading of the **Kasten** indicates that there still may be times when LLC owners need to consult with legal counsel or use legal processes available to them. *See **Id***. Instead of focusing solely on Wisconsin's history and intent of LLCs, this Court should look to Wisconsin contract principles to analyze the general issues of material fact that exist in this Operating Agreement.

b. **Contract Principles**

When a provision in a contract is reasonably susceptible to more than one interpretation, then ambiguity exists unless steps were taken to resolve it (e.g. defining the term in the agreement). *See **Gottsacker***, 281 Wis. 2d ¶22. When the term is not defined in the agreement, Wisconsin follows the rule that particular provisions in a contract are to be looked at with reference to a contract as a whole. **MS Real Estate Holdings, LLC v. Donald P. Fox Family Tr.**, 2015 WI 49, ¶38, 362 Wis. 2d 258, 864 N.W.2d 83. If an interpretation or construction produces an unfair or unreasonable result, courts must reject it. *Id*. (quoting **Gottsacker**, 281 Wis. 2d 361, ¶24.) Further, courts should interpret certain provisions in contracts to give them 'common sense' and a 'realistic meaning.' *Id*. As the Gottsacker Court pointed out, we should begin by looking to see if the term is defined in the agreement. *Id*. ¶23. Next, we should look to a dictionary definition. *Id*. If that definition is reasonably susceptible to more than one construction, then it is ambiguous. *Id*.

6

Ambiguity is a question of material fact and one that negates a motion for summary judgment.

At the time of formation of the LLC, the Defendants intended the appraisal provision to reference the LLC. However, the Plaintiff insists that the appraisal must be for the Property held by the LLC. Because there are different interpretations of the appraisal provision, there is a definite question of ambiguity. The ambiguity revolves around the word "appraisal" contained on page seven, provision twenty, subsection B of the Operating Agreement. The Plaintiff interpreted the term to mean the property that Spirit Valley Camp, LLC, manages and operates. (Pl.'s Mem. Supp. Mot. Summ. J. at 11). At first glance, this may seem like the only reasonable interpretation, however, the Defendants' interpretation of the same provision leads to a different result and is similarly reasonable. The Defendants' understanding at the time of formation was that the LLC would be appraised and not the Property because that was their intention when they formed the LLC. Further, the order from this Court states that the Debtor's interest in the LLC should be transferred in accordance with the Operating Agreement. ***Dubis v. Stebnitz et al.***, Adversary No. 15-02016. Also, while there may be a difference in price when evaluating the LLC versus the Property, it does not create a level of unfairness that would hinder the Defendants' interpretation of this provision or hinder this Court from denying Plaintiff's motion for summary judgment.

Next, the Operating Agreement does not provide a clear indication of what appraisal means or what the term is to reference. In the entire four corners of the agreement, there is not a single reference to the whether the LLC itself should be appraised or whether the Property itself should be appraised. See generally Ex. A. Moreover, Plaintiff insists that the sole purpose of the LLC was to manage and protect the Property, and not all property that the LLC may acquire. Pl.'s Mem. Supp. Mot. Summ. J. at 11-12. However, the Operating Agreement contains provisions that delegate how to manage the LLC and not just the Property. Ex. A to Stebnitz Aff. ¶¶13, 16. For example, there are provisions in the operating agreement that dictate how to split any profit or loss

from the LLC and there is a provision that decides the expansion of the asset holdings of the LLC. Ex. A to Stebnitz Aff. ¶¶13, 16. Thus, the sole purpose of the LLC was not only to manage the Property in question but to also manage the gains, losses, and the expansion of the LLC.

Finally, Plaintiff attempts to use a dictionary definition to resolve the ambiguity. (Pl.'s Mem. Supp. Mot. Summ. J. at 12). Plaintiff defines appraisal as, "a valuation of property by the estimate of an authorized person." (Pl.'s Mem. Supp. Mot. Summ. J. at 12). Plaintiff goes on to admit that the term can be defined more generally as, "an act of estimating or evaluating especially by one fitted to judge (Pl.'s Mem. Supp. Mot. Summ. J. at 12). With this definition in mind, it made sense for the Defendants to interpret the appraisal provision in such a way and to seek out Baker Tilly valuate the LLC. Because there are conflicting factual interpretations and because the Plaintiff has failed to show that there are not genuine issues of material fact, this Court must deny their motion for summary judgment.

## Conclusion

Based upon the foregoing, summary judgment should not be granted to the plaintiff because there is a genuine issue of material fact.

Dated this 3rd day of August, 2017.

                          **SEYMOUR, KREMER, KOCH,**
                          **LOCHOWICZ & DUQUETTE LLP**

                          By: /s/ Ashley L. Renz
                               Ashley L. Renz, SBN 1085066

23 N. Wisconsin Street
P.O. Box 470
Elkhorn, WI 53121
(262)723-5003