UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

In re:

Daniel J. Stebnitz,
    Debtor.

Case No. 13-32097-PP
Chapter 7

_____

Michael F. Dubis, Trustee in Bankruptcy,

    Plaintiff,

    v.

Adversary No. 17-02110-beh

David S. Stebnitz

and

Gary C. Stebnitz,

    Defendants.
_____

### TRUSTEE'S MOTION TO COMPROMISE ADVERSARY ACTION
_____

    Stafford Rosenbaum, LLP, attorneys for Michael F. Dubis, Trustee in Bankruptcy of the above named Estate, moves the Court for an Order authorizing the compromise of the adversary action on the terms and for the reasons stated below, pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trustee moves the Court for such authority assuming no objections to said compromise are timely filed, heard and sustained:

    1.    Debtor filed his Chapter 7 case on September 10, 2013.

    2.    The Trustee filed an adversary proceeding on January 9, 2015 seeking to avoid a pre-petition transfer of the Debtor's interest in Spirit Valley Camp, LLC, Adv. Case No. 15-2016.

3. On April 18, 2016, this Court approved the Trustee's Amended Motion to Compromise in the earlier adversary action, avoiding the transfer of the Debtor's interest in Spirit Valley Camp, LLC, requiring the defendants in that adversary action to make payment of $40,000 or to relinquish their ownership interest in Spirit Valley Camp, LLC to the Trustee.

4. The defendants did not pay in accordance with the timeline set forth in the Amended Motion to Compromise, and approved by Court Order, and instead, the Debtor's interest in Spirit Valley Camp, LLC was delivered to the Trustee.

5. This adversary action was filed against David Stebnitz and Gary Stebnitz April 25, 2017, seeking enforcement of the provisions of the Members' Operating Agreement for Spirit Valley Camp, LLC that required the defendants to purchase the Debtor's interest in Spirit Valley Camp, LLC.

6. The parties disputed the proper procedure for determining the purchase price and whether the Trustee had complied with the procedure required under the Members' Operating Agreement.

7. On February 22, 2018, this Court issued its Decision on Plaintiff's Motion for Summary Judgment, granting the Trustee's Motion for Summary Judgment in part, and denying it in part.

8. Following said decision, the parties entered into settlement discussions and agreed to resolve the outstanding issues according to the following terms:

    a. The Defendants will make payment to the Trustee of $45,000 on or before May 31, 2018.

    b. Upon receipt of the funds from defendants, the Trustee will execute any documentation necessary to transfer the Debtor's interest in Spirit Valley Camp,

LLC to the defendants, and the parties will execute a Stipulation for Dismissal in the Adversary Action.

c. In the event that defendants fail to make payment as stated above, the Trustee will be entitled to immediate entry of judgment against the defendants, jointly and severally, in the amount of $56,500, without need for further notice or hearing.

### *ANALYSIS OF COMPROMISE*

9. The factors set forth in the case of *In re American Reserve*, 841 F.2d 159 (7th Cir. 1987), apply as follows:

   a. The proposed stipulation is in the estate's best interests. While the Court granted the Trustee's Motion for Summary Judgment, it only did so in part, leaving remaining issues undecided. There is a potential that ongoing litigation would be required in order to determine the proper value of the Debtor's interest in Spirit Valley LLC, which could fluctuate substantially by tens of thousands of dollars, and which could require further retaining of appraisers or other experts at substantial cost and delay.

   b. The potential delay and cost to the estate could substantially impact the net resulting from the avoidance of the initial transfer.

   c. Any inconvenience or delay could cause wasting of assets. If the matter is not settled, it is estimated that the estate would be delayed in closing not less than six months, potentially longer, which is particularly problematic given that the initial bankruptcy was filed in 2013.

Dated: April 25, 2018.

By /s/ Lawrence Clancy
Michael F. Dubis, Trustee, by his attorney
Lawrence Clancy
State Bar Number 1007530
Susan K. Allen
State Bar Number 1056757

1200 North Mayfair Road
Suite 430
Milwaukee, Wisconsin 53226-3282
lclancy@staffordlaw.com
sallen@staffordlaw.com
414.982.2850